# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

**v.**                                              **Case No. 04-C-1030**
                                                    **(02-CR-124)**

**HUGO CAMPA-GONZALEZ,**

**Movant.**

## DECISION AND ORDER

Hugo Campa Gonzalez ("Gonzalez") filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. On September 6, 2002, Gonzalez pled guilty to possessing with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1). On December 9, 2002, the Court sentenced Gonzalez to 72 months of imprisonment, five years of supervised release, a $1000.00 fine, and a $100.00 special assessment. In his § 2255 motion, Gonzalez claims that his counsel was ineffective because his counsel did not file a direct appeal after his conviction and sentence.

A prisoner must file a § 2255 motion within one year from the date his judgment of conviction becomes final. 28 U.S.C. § 2255. When a prisoner does not file a direct appeal, his conviction becomes final when the time for filing an appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Judgment was docketed against Gonzalez on December 16, 2002, so his conviction became final on December 31, 2002. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a). He filed his § 2255 motion on October 21, 2004.

The government filed a response brief to Gonzalez's § 2255 motion. The government addressed both the merits of Gonzalez's claim and the timeliness issue. The government contended that Gonzalez's § 2255 motion was untimely and should be dismissed. Gonzalez filed a reply to the government's brief. In his reply brief, Gonzalez asked the Court to conduct an evidentiary hearing on his ineffective assistance of counsel claim. He also cited case law supporting his ineffective assistance of counsel claim. However, Gonzalez did not respond to the government's argument regarding timeliness.

Gonzalez's § 2255 motion is untimely. It was filed nearly twenty-two months after his judgment became final, which was well after the one year statute of limitations had run. Accordingly, the Court must deny his § 2255 motion.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Gonzalez's Motion to Vacate, Set Aside or Correct his Sentence, pursuant to 28 U.S.C. § 2255, (Docket No. 1) is **DENIED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 23rd day of June, 2006.

**BY THE COURT**

s/ Rudolph T. Randa

**Hon. Rudolph T. Randa**
**Chief Judge**

2

3